Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| LUIS ESPINET GARCÍA<br><br>Apelado<br><br>v.<br><br>ROBERTO MORALES CABÁN Y OTROS<br><br>Apelantes | KLAN202400872 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso número: CN2022CV00133<br><br>Sobre: Entredicho Provisional; Interdicto Preliminar y Permanente; Daños y Perjuicios |
|---|---|---|

Panel integrado por su presidenta, la juez Domínguez Irizarry, la juez Rivera Marchand y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 22 de noviembre de 2024.

Comparece la parte apelante, Roberto Morales Cabán, y nos solicita que revoquemos la *Sentencia Parcial* emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina, el 22 de mayo de 2024, notificada al día siguiente. Mediante dicho dictamen, el foro primario declaró No Ha Lugar la moción de sentencia sumaria presentada por la parte apelante y, a su vez, declaró parcialmente Ha Lugar la solicitud de sentencia sumaria promovida por la parte apelada, Luis Espinet García, en cuanto a la reconvención instada por la parte apelante. En consecuencia, desestimó con perjuicio la reconvención y ordenó la continuación de los procedimientos con relación a la demanda incoada por la parte apelada.

Por los fundamentos que exponemos a continuación, se revoca el dictamen apelado. Veamos.

**I**

El 31 de marzo de 2022, Luis Espinet García (Espinet García o apelado) incoó una acción sobre entredicho provisional, injunction preliminar y permanente, así como daños y perjuicios en contra de Roberto Morales Cabán (Morales Cabán o apelante) y la Sociedad Legal de Gananciales compuesta por este y ABC.[1] Alegó que Morales Cabán, quien se desempeñaba como periodista, había establecido un patrón de hostigamiento, acoso, e invasión del área de trabajo en su oficina dental. En particular, arguyó que dicha conducta de Morales Cabán había sido desplegada de la siguiente forma: (1) publicación de fotografías suyas con críticas severas, colocadas en postes y puentes cerca de su comunidad, así como carteles difamatorios frente a su oficina dental; (2) visitas en el área de estacionamiento y frente a su oficina, utilizando altoparlantes para insultarlo, interrumpiendo así la operación del establecimiento; (3) originar la intervención de la prensa frente a su oficina dental, invadiendo así su intimidad y afectando la salud emocional del personal de trabajo del establecimiento; (4) uso de las redes sociales y los medios de comunicación (noticiosos) para aglutinar a personas frente a su oficina dental; (5) grabarlo mientras limpiaba los insultos escritos en el puente y subirlo a las redes sociales, sin su consentimiento ni autorización; entre otros.

Espinet García argumentó en la acción de epígrafe que las actuaciones de Morales Cabán, junto a terceros, afectaron su calidad de vida y paz. Particularizó que Morales Cabán hizo ataques abusivos a su honra, reputación y a su vida privada familiar, de forma continua, desde octubre de 2021 hasta el presente. En virtud de ello, solicitó el cese y desista de las actuaciones de Morales Cabán

---

[1] Apéndice del recurso, págs. 1-7.

antes descritas, así como el pago de $500,000.00 por concepto de daños y angustias mentales ocasionadas por este.

En respuesta, el 6 de julio de 2022, Morales Cabán presentó una *Contestación a la Demanda y Reconvención.*[2] En esencia, negó el patrón de acoso y hostigamiento alegado por Espinet García. Admitió que, como periodista de profesión, había utilizado los foros públicos para criticar a Espinet García por permitir y fomentar las acciones y expresiones racistas de su madre, Carmen García Gutiérrez. Explicó que solo había dado continuidad al trabajo periodístico de la prensa nacional y de los Estados Unidos, los cuales habían reseñado dichas actuaciones desde el año 2020. Según adujo, las publicaciones en cuestión fueron realizadas por un sin número de manifestantes de la comunidad y no eran exclusivas de este.

En cuanto a la *Reconvención,*[3] Morales Cabán alegó que su reclamación se originaba de las siguientes alegaciones: (1) En el 2019, la madre de Espinet García había proferido expresiones racistas hacia unos vecinos; situación que tuvo amplia cobertura mediática; (2) A finales del año 2020, la madre de Espinet García aumentó el volumen de su radio, hasta sentirse con fuerza en la calle donde este reside, al punto de que perturbaba su paz, ya que el ruido se extendía hasta horas de la madrugada, aun con las ventanas de su residencia cerradas; (3) La comunidad comenzó a realizar manifestaciones en el portón de entrada de la urbanización, con pancartas y denuncias en los medios de comunicación, las cuales fueron publicadas por diversos sectores de la prensa; (4) Espinet García amenazaba e intimidaba a sus vecinos inmediatos y a toda persona de la comunidad que les apoyara o se quejara por el constante ruido.

---

[2] Apéndice del recurso, págs. 8-15.
[3] Íd., págs. 10-15.

Morales Cabán argumentó en su reclamación que, ante la frustración por la situación que vivían y la inacción de las autoridades, comenzó otras manifestaciones junto a los vecinos de la madre de Espinet García. Especificó que dichas manifestaciones consistían, por ejemplo, en colocar pegatinas de corazones con reclamos de paz en el tablón de expresión pública de la comunidad, ubicado en el área de los buzones. Arguyó que la madre de Espinet García, con el apoyo de este, destruyó los referidos mensajes y el tablón de expresión pública de la comunidad. Sostuvo, además, que a pesar de que los escándalos provocados por la madre de Espinet García continuaban, con el apoyo de este, la policía municipal y estatal se había negado a intervenir. De otro lado, planteó que Espinet García lo había singularizado por ser periodista y líder comunitario, para amedrentarlo y privarlo de su derecho a manifestarse ante los daños a su paz familiar. En vista de ello, solicitó el cese y desista de las alteraciones a la paz, provocadas por Espinet García de forma directa e indirecta, por medio de su incondicional apoyo a las acciones similares perpetradas por su madre. A su vez, solicitó la compensación de $500,000.00 por los daños a sus derechos constitucionales a vivir en paz en su hogar y a su libertad de expresión y prensa, así como el pago de los gastos de litigio y honorarios de abogado.

Posteriormente, el 3 de noviembre de 2022, Espinet García instó una *Moción en Solicitud de Desestimación de Reconvención*,[4] al amparo de la Regla 10.2(5) de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2(5), a la cual Morales Cabán se opuso.[5] Atendido el asunto, el 30 de noviembre de 2022, el Tribunal de Primera Instancia declaró No Ha Lugar la referida moción de desestimación.[6]

---

[4] Apéndice del recurso, págs. 16-23.
[5] Íd., págs. 24-26.
[6] Íd., págs. 27-28.

Luego de varias incidencias procesales, el 18 de enero de 2024, Espinet García instó una *Moción en Solicitud de Sentencia Sumaria*.[7] Arguyó que no existía controversia alguna de que Morales Cabán utilizó las redes sociales, para difundir información falsa y maliciosa en su contra, además de personarse en su oficina dental para llevar a cabo una protesta, junto a terceras personas, a quienes incitó a través de las redes sociales. Sobre ese particular, enfatizó que Morales Cabán llevó a cabo dichas manifestaciones en su carácter personal y no como periodista, por lo que no estaba cobijado por el derecho a la libertad de prensa. Por otro lado, alegó que tampoco existía controversia con relación a la fecha en que ocurrió el único incidente sobre el cual Morales Cabán alegaba tener conocimiento y que lo envolvía. Reiteró que las actuaciones de Morales Cabán conllevaron un patrón de hostigamiento que afectó su salud emocional y su derecho a la intimidad que, a su vez, impidieron que pudiera hacer uso y disfrute de su propiedad de forma pacífica y privada. Según adujo, el presente caso no estaba basado en elementos subjetivos que le impedían al tribunal de instancia disponer del mismo por la vía sumaria. Específicó que Morales Cabán, a través de su propio testimonio y admisiones, sustentó, corroboró y confirmó los hechos alegados en la *Demanda*, por lo que el foro *a quo* estaba en posición de disponer del caso por la vía sumaria sin ulteriores procedimientos. A su vez, argumentó que ello derrotaba por sí mismo las alegaciones contenidas en la *Reconvención* y demostraba la insuficiencia en la prueba para sostener la misma. En virtud de lo anterior, solicitó que se declarara Ha Lugar la acción de epígrafe y se desestimara la *Reconvención*.

---

[7] Apéndice del recurso, págs. 29-43. Espinet García acompañó su petitorio con los siguientes documentos: (1) copia de la transcripción de la *Deposición* de Morales Cabán el 9 de octubre de 2023; (2) capturas de pantalla de algunas publicaciones y comentarios en las redes sociales; (3) copia de las *Contestaciones a Requerimiento de Admisiones* suscritas por Morales Cabán el 18 de octubre de 2022. Véase, Apéndice del recurso, págs. 44-91.

Por su parte, el 23 de febrero de 2024, Morales Cabán se opuso y solicitó un remedio sumario a su favor.[8] Alegó que las aseveraciones presuntamente difamatorias, según propuesto por Espinet García, eran opiniones que no generaban responsabilidad. Arguyó que la moción dispositiva se limitaba a invitar al foro primario a que especulara los presuntos daños a la reputación de Espinet García. Asimismo, planteó en la solicitud de sentencia sumaria, que Espinet García: (1) no evidenció que sus círculos familiares, amistades y vecinos se vieron trastocados por alguna publicación realizada por Morales Cabán; (2) no probó menoscabo material o moral alguno; y (3) no aportó prueba sobre cómo se socavó su práctica profesional por las acciones que le atribuyó a Morales Cabán. Según adujo, no existía evidencia en autos de que Espinet García sufriera pérdidas monetarias en su negocio a consecuencia de la alegada difamación. Por otro lado, alegó que no se satisfizo el elemento fundamental de "referencia específica" a Morales Cabán requerido para las reclamaciones por difamación, por lo que Espinet García estaba impedido de reclamar por manifestaciones no específicas que estima que lo perjudicaron. En vista de ello, sostuvo que procedía la desestimación de la *Demanda* por difamación y solicitó que se continuara con los procedimientos relacionados a la *Reconvención*.

Asimismo, el 28 de febrero de 2024, Morales Cabán presentó una *Oposición a la Solicitud de Sentencia Sumaria Contra la Reconvención*.[9] En esencia, argumentó que la solicitud presentada por Espinet García era defectuosa y no proveyó fundamentos que justificara la desestimación de la *Reconvención*. Arguyó que la

---

[8] Apéndice del recurso, págs. 92-104. Cabe destacar que Morales Cabán no acompañó su oposición y petitorio con una declaración jurada, ni con prueba documental que la respaldara. Sin embargo, aclaró en su escrito que "hace suyos los anejos a la moción dispositiva del demandante, para fines de sustentar su petición de remedio sumario". Véase, Apéndice del recurso, pág. 94.
[9] Apéndice del recurso, págs. 105-112.

referida moción dispositiva era una repetición de la *Moción en Solicitud de Desestimación de Reconvención* presentada por Espinet García el 3 de noviembre de 2022, la cual había sido denegada por el foro *a quo*. Sobre ese particular, adujo que Espinet García había reiterado su contención de que –por el solo hecho de que Morales Cabán había admitido que algunas de sus alegaciones no iban dirigidas contra aquel– la reconvención debía desestimarse. No obstante, sostuvo que la reconvención incluía alegaciones dirigidas a Espinet García, las cuales este último había optado por ignorar. Explicó que las alegaciones esbozadas en la reconvención recogían las inferencias circunstanciales que lo llevaron a concluir que Espinet García jugó un papel en los actos dañosos que, junto a su progenitora, efectuó. Según detalló, restaba que el tribunal de instancia adjudicara dichas alegaciones conforme a la prueba circunstancial que se le presente en juicio. Además, sostuvo que las cuestiones de credibilidad no se podían adjudicar por la vía sumaria.

El 11 de abril de 2024, Espinet García se expresó en cuanto a las dos mociones presentadas por Morales Cabán y reiteró la postura esbozada en su petitorio sumario.[10]

Evaluadas las posturas de las partes, el 22 de mayo de 2024, notificada al día siguiente, el Tribunal de Primera Instancia emitió la *Sentencia Parcial* que nos ocupa, mediante la cual declaró No Ha Lugar la moción de sentencia sumaria presentada por Morales Cabán y, a su vez, declaró parcialmente Ha Lugar la solicitud de sentencia sumaria promovida por Espinet García en cuanto a la reconvención instada por Morales Cabán.[11] En consecuencia, desestimó con perjuicio la reconvención y ordenó la continuación de los procedimientos con relación a la *Demanda* de epígrafe, por entender que esta no podía ser adjudicada sumariamente. De otro

---

[10] Apéndice del recurso, págs. 113-123.
[11] Íd., págs. 124-144.

lado, amparándose en la Regla 42.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 42.2, el foro apelado entendió que no era necesario desglosar las determinaciones de hechos, por haber declarado totalmente Ha Lugar una moción presentada al amparo de la Regla 10.2 del citado estatuto.

En particular, el foro *a quo* concluyó que, al realizar un análisis ponderado de los escritos en oposición presentados por Morales Cabán, ninguno cumplió con los requisitos mínimos establecidos por las Reglas de Procedimiento Civil, por lo que estaba impedido de tomarlos en consideración al momento de emitir su determinación. En cuanto al petitorio sumario sobre la reconvención, determinó que, aun bajo el crisol más favorable de las alegaciones esbozadas por Morales Cabán, no existía una controversia real de hechos y, por tanto, procedía en derecho la adjudicación de la controversia a tenor con la prueba presentada. Expresó que se podía deducir que las alegaciones contenidas en la reconvención no ameritaban la concesión de remedio alguno. Con relación a la procedencia de la demanda por daños, resolvió que, al haber un elemento subjetivo de negligencia, no era aconsejable disponer de la controversia por la vía sumaria.

En desacuerdo, el 6 de junio de 2024, Morales Cabán presentó una *Solicitud de Enmiendas a la Sentencia Parcial y Reconsideración,*[12] mediante la cual solicitó que el foro apelado consignara los hechos que encontró probados y debidamente controvertidos. Sobre la desestimación de la *Reconvención*, indicó que, previo al petitorio sumario, el tribunal de instancia había tenido ante sí una moción de desestimación contra dicha acción, la cual había denegado. Argumentó que tal adjudicación de la solicitud de desestimación contra la reconvención no podía alterarse sin que

---

[12] Apéndice del recurso, págs. 145-148.

haya mediado un cambio en los hechos pertinentes o el Derecho aplicable, especialmente cuando el foro sentenciador declinó determinar hecho alguno como probado. En respuesta el 8 de julio de 2024, Espinet García se opuso.[13]

Atendidas las mociones, el 26 de agosto de 2024, notificada el 30 del mismo mes y año, el foro *a quo* declaró No Ha Lugar la solicitud de reconsideración.[14]

Inconforme, el 26 de septiembre de 2024, la parte apelante acudió ante esta Curia mediante el recurso de epígrafe y señaló los siguientes errores:

> Erró el Tribunal de Primera Instancia, al emitir un dictamen incompatible con los deberes ministeriales que le imponen la Regla 20 de las de su propia administración, y las Reglas 36.3, 36.4 & 46.2 de Procedimiento Civil[.]
>
> Erró el Tribunal de Primera Instancia, al determinar que existen controversias de hechos que impiden dictar sentencia sumaria, cuando las partes mismas coinciden en que no las hay[.]
>
> Erró el Tribunal de Primera Instancia, al ignorar décadas de jurisprudencia que reconoce la sentencia sumaria como parte de los mecanismos de protección a la libre expresión en pleitos por alegada difamación[.]
>
> Erró el Tribunal de Primera Instancia, al discriminar contra el apelante mediante la denegación de su moción dispositiva a base de infracciones procesales[.]
>
> Erró el Tribunal de Primera Instancia, al ignorar las defensas en pleitos por alegada difamación que le asisten al apelante, en protección a su derecho constitucional a la libre expresión[.]
>
> Erró el Tribunal de Primera Instancia, al desestimar la reconvención del apelante mediante una metodología de adjudicación que violenta el derecho constitucional del segundo a tener su día en corte[.]

En cumplimiento con nuestra *Resolución* del 1 de octubre de 2024, la parte apelada compareció mediante *Oposición a Apelación Civil Presentada por la Parte Demandada-Apelante* el 1 de noviembre del mismo año.

---

[13] Apéndice del recurso, págs. 151-154.
[14] Íd., págs. 155-156.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II**

El mecanismo de sentencia sumaria provisto en la Regla 36 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 36, es un vehículo para asegurar la solución justa, rápida y económica de un caso. *Serrano Picón v. Multinational Life Ins.*, 212 DPR 981 (2023); *Oriental Bank v. Caballero García*, 212 DPR 671 (2023); *González Meléndez v. Mun. San Juan et al.*, 212 DPR 601 (2023); *Acevedo y otros v. Depto. Hacienda y otros*, 212 DPR 335 (2023); *Universal Ins. Y otro v. ELA y otros*, 211 DPR 455 (2023). Dicho mecanismo permite a los tribunales disponer, parcial o totalmente, de litigios civiles en aquellas situaciones en las cuales no exista controversia material de hecho que requiera ventilarse en un juicio plenario y el derecho así lo permita. *Segarra Rivera v. Int'l. Shipping et al.*, 208 DPR 964 (2022). Este mecanismo lo puede utilizar la parte reclamante o aquella parte que se defiende de una reclamación. 32 LPRA Ap. V, R. 36.1 y 36.2.

Mediante el mecanismo de sentencia sumaria, se procura profundizar en las alegaciones para verificar si, en efecto, los hechos ameritan dilucidarse en un juicio. *León Torres v. Rivera Lebrón,* 204 DPR 20, 42 (2020). Este cauce sumario resulta beneficioso tanto para el tribunal, como para las partes en un pleito, pues se agiliza el proceso judicial, mientras simultáneamente se provee a los litigantes un mecanismo procesal encaminado a alcanzar un remedio justo, rápido y económico. *Segarra Rivera v. Int'l. Shipping et al.*, supra. Como se sabe, en aras de prevalecer en una reclamación, la parte promovente debe presentar prueba incontrovertible sobre todos los elementos indispensables de su causa de acción. *Íd.*

Nuestro ordenamiento civil y su jurisprudencia interpretativa impone unos requisitos de forma con los cuales hay que cumplir al momento de presentar una solicitud de sentencia sumaria, a saber: (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción sobre la cual se solicita la sentencia sumaria; (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (5) las razones por las cuales se debe dictar la sentencia, argumentando el derecho aplicable, y (6) el remedio que debe ser concedido. 32 LPRA Ap. V, R. 36.3; *Oriental Bank v. Caballero García*, supra; *Pérez Vargas v. Office Depot*, 203 DPR 687 (2019). Si la parte promovente de la moción incumple con estos requisitos, "el tribunal no estará obligado a considerar su pedido". *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 111 (2015).

Por otro lado, "la parte que desafía una solicitud de sentencia sumaria no puede descansar en las aseveraciones o negaciones consignadas en su alegación". *León Torres v. Rivera Lebrón,* supra*, pág. 43. Por el contrario, quien se opone a que se declare con lugar esta solicitud viene obligado a enfrentar la moción de su adversario de forma tan detallada y específica como lo ha hecho la parte promovente puesto que, si incumple, corre el riesgo de que se dicte sentencia sumaria en su contra, si la misma procede en derecho. *Íd.*

Por ello, en la oposición a una solicitud de sentencia sumaria, la parte promovida debe puntualizar aquellos hechos propuestos que pretende controvertir y, si así lo desea, someter hechos materiales adicionales que alega no están en disputa y que impiden

que se dicte sentencia sumaria en su contra. *León Torres v. Rivera Lebrón*, supra. Claro está, para cada uno de estos supuestos deberá hacer referencia a la prueba específica que sostiene su posición, según exigido por la Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3. *Íd.* En otras palabras, la parte opositora tiene el peso de presentar evidencia sustancial que apoye los hechos materiales que alega están en disputa. *Íd.* De lo anterior, se puede colegir que, ante el incumplimiento de las partes con las formalidades de la Regla 36 de Procedimiento Civil de 2009, *supra*, la consideración de sus posiciones descansa en la sana discreción del Tribunal.

Al atender la solicitud, el Tribunal deberá asumir como ciertos los hechos no controvertidos que se encuentren sustentados por los documentos presentados por la parte promovente. *E.L.A. v. Cole*, 164 DPR 608, 626 (2005). Toda inferencia razonable que pueda surgir de los hechos y de los documentos se debe interpretar en contra de quien solicita la sentencia sumaria, pues solo procede si bajo ningún supuesto de hechos prevalece la parte promovida. *Íd.*, pág. 625. Además, al evaluar los méritos de una solicitud de sentencia sumaria, el juzgador o juzgadora debe actuar guiado por la prudencia y ser consciente, en todo momento, que su determinación puede conllevar el que se prive a una de las partes de su "día en corte", componente integral del debido proceso de ley. *León Torres v. Rivera Lebrón*, supra, pág. 44.

Sin embargo, la sentencia sumaria generalmente no procederá cuando existan controversias sobre hechos esenciales materiales, o si la controversia del caso está basada en elementos subjetivos como intención, propósitos mentales, negligencia o credibilidad. *Cruz, López v. Casa Bella y otros*, 2024 TSPR 47, 213 DPR ___ (2024); *Acevedo y otros v. Depto. Hacienda y otros*, supra; *Segarra Rivera v. Int'l. Shipping et al.*, supra. Un hecho material es aquel que puede afectar el resultado de la reclamación de acuerdo

con el derecho sustantivo aplicable. *Banco Popular de Puerto Rico v. Zorrilla Posada y otro*, 2024 TSPR 62, resuelto el 17 de junio de 2024; *Oriental Bank v. Caballero García*, supra, pág. 7; *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 299 (2012); *Ramos Pérez v. Univisión*, 178 DPR 200, 213 (2010). Ahora bien, el Foro de última instancia ha reiterado que cualquier duda no es suficiente para derrotar una moción de sentencia sumaria, pues debe tratarse de una incertidumbre que permita concluir que existe una controversia real sobre hechos relevantes y pertinentes. *Íd.* Además, existen casos que no se deben resolver mediante sentencia sumaria porque resulta difícil reunir la verdad de los hechos mediante declaraciones juradas o deposiciones. *Jusino et als. V. Walgreens*, 155 DPR 560, 579 (2001). De igual modo, no es apropiado resolver por la vía sumaria "casos complejos o casos que involucren cuestiones de interés público". *Íd.* No obstante, la sentencia sumaria procederá si atiende cuestiones de derecho. *Universal Ins. Y otro v. ELA y otros*, supra.

El Tribunal Supremo de Puerto Rico ha discutido los criterios que este Tribunal de Apelaciones debe considerar al momento de revisar una sentencia dictada sumariamente por el foro de instancia. *Roldán Flores v. M. Cuebas et al.*, 199 DPR 664, 679-680 (2018); *Meléndez González et al. v. M. Cuebas*, supra,   ágs.. 118-119. Sobre ese particular, nuestro más Alto Foro señaló que:

> [E]l Tribunal de Apelaciones debe: (1) examinar *de novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra*, y la jurisprudencia le exigen al foro primario; (2) revisar que tanto la Moción de Sentencia Sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36; (3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos, y (4) de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar *de novo* si el Tribunal de Primera

Instancia aplicó correctamente el Derecho a la controversia. *Roldán Flores v. M. Cuebas et al.,* supra, pág. 679.

Conforme a lo anterior, nos encontramos en la misma posición que el Tribunal de Primera Instancia para evaluar la procedencia de una sentencia sumaria. *Banco Popular de Puerto Rico v. Zorrilla Posada y otro,* supra; *Birriel Colón v. Econo y otro,* 2023 TSPR 120, 213 DPR ___ (2023); *Serrano Picón v. Multinational Life Ins.,* supra; *González Meléndez v. Mun. San Juan et al.,* supra; *González Santiago v. Baxter Healthcare,* 202 DPR 281, 291 (2019). Por ello, nuestra revisión es una *de novo* y nuestro análisis debe regirse por las disposiciones de la Regla 36 de Procedimiento Civil, *supra,* así como de su jurisprudencia interpretativa. *González Meléndez v. Mun. San Juan et al.,* supra. A tenor con la referida normativa, dicha revisión se realizará de la manera más favorable hacia la parte que se opuso a la solicitud de sentencia sumaria en el foro de origen y realizando todas las inferencias permisibles a su favor. *Birriel Colón v. Econo y otro,* supra; *Meléndez González et al. v. M. Cuebas,* supra, pág. 118. De esta manera, si entendemos que los Hechos materiales realmente están incontrovertidos, debemos revisar *de novo* si el foro primario aplicó correctamente el derecho. *González Meléndez v. Mun. San Juan et al.,* supra.

Por su parte, la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.4, le imparte instrucciones particulares al Tribunal de Primera Instancia, al momento de considerar para su resolución, una moción de sentencia sumaria. En específico, establece que **cuando se dicta una sentencia que no dispone de la totalidad del pleito, o cuando se deniega el remedio solicitado, el tribunal tendrá la obligación de resolver formulando una determinación de los hechos controvertidos e incontrovertidos que sean esenciales y pertinentes**. La mencionada norma dispone que:

> **Si en virtud de una moción presentada bajo las disposiciones de esta regla no se dicta sentencia sobre la totalidad del pleito, ni se concede todo el remedio solicitado o se deniega la misma, y es necesario celebrar juicio, será obligatorio que el tribunal resuelva la moción mediante una determinación de los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos**, y hasta qué extremo la cuantía de los daños u otra reparación no está en controversia, ordenando los procedimientos ulteriores que sean justos en el pleito, incluso una vista evidenciaria limitada a los asuntos en controversia. Al celebrarse el juicio, se considerarán probados los hechos así especificados y se procederá de conformidad.
>
> A base de las determinaciones realizadas en virtud de esta regla el tribunal dictará los correspondientes remedios, si alguno. (Énfasis nuestro).

En atención a la citada Regla, nuestro Tribunal Supremo ha enfatizado que, al presentarse una sentencia sumaria, los tribunales tienen el deber de establecer los hechos incontrovertibles y los que sí lo están. **Tales determinaciones de hechos controvertidos e incontrovertidos facilitan el desfile de prueba, pues los hechos incontrovertidos se dan por probados. Asimismo, colocan a los tribunales apelativos en posición de ejercer su facultad revisora**. En *Ramos Pérez v. Univisión*, supra, pág. 221, interpretando nuestro cuerpo de Reglas de Procedimiento Civil, nuestro más Alto Foro reiteró que "aunque se deniegue la moción, el tribunal deberá establecer los hechos que resultaron incontrovertibles y aquellos que sí lo están".

Esbozada la norma jurídica, procedemos a aplicarla al recurso antes nos.

### III

La parte apelante sostiene en su primer señalamiento de error que el Tribunal de Primera Instancia incidió al emitir un dictamen incompatible con los deberes ministeriales que le impone la Regla 20 de su propia administración, y las Reglas 36.3, 36.4 y 46.2 de Procedimiento Civil. En lo pertinente, arguye que, al denegar las

mociones dispositivas presentadas por las partes, el foro primario descartó su deber ministerial de consignar los hechos que encontró probados e identificar los debidamente controvertidos.

Por su parte, el apelado no discute el alegado incumplimiento con las precitadas Reglas, sino que argumenta en cuanto a que no existe controversia sustancial sobre las alegaciones contenidas en la *Reconvención*, por lo que procedía dictar la *Sentencia Parcial* apelada.

Conforme a nuestro ordenamiento jurídico antes expuesto, la Regla 36.4 de Procedimiento Civil, *supra*, establece que cuando el foro de origen dicta una sentencia que no dispone de la totalidad del pleito, o cuando se deniega el remedio solicitado, **el tribunal tendrá la obligación de resolver formulando una determinación de los hechos controvertidos e incontrovertidos** que sean esenciales y pertinentes.

Según reseñamos, en la determinación apelada, el Tribunal de Primera Instancia declaró No Ha Lugar la solicitud de sentencia sumaria promovida por la parte apelante, por entender que esta no cumplía con las exigencias de la Regla 36 de Procedimiento Civil, *supra*. A su vez, el foro juzgador denegó en parte la moción de sentencia sumaria presentada por el apelado, limitándose a expresar que "con respecto a lo que se refiere a la procedencia de la demanda por daños, al haber un elemento subjetivo de negligencia, no es aconsejable el disponer de la controversia por la vía sumaria".[15] En cuanto al petitorio sumario sobre la reconvención, el foro *a quo* se amparó en la Regla 42.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 42.2, y expresó que no era necesario desglosar las determinaciones de hechos por haber declarado totalmente Ha Lugar una moción presentada al amparo de la Regla 10.2 del citado

---

[15] Apéndice del recurso, pág. 141.

estatuto. Ello, aun cuando estaba ante una solicitud de sentencia sumaria sometida conforme a la Regla 36 de Procedimiento Civil, *supra*, según el propio foro apelado había manifestado en la página dieciséis (16) de la determinación que nos ocupa; y aun cuando no la declaró Ha Lugar en su totalidad, sino únicamente en lo referente a la reconvención, lo cual componía una mínima parte de la moción.[16] En vista de lo anterior, tal como señaló la parte apelante en su primer señalamiento de error, la determinación apelada no cumplió con las exigencias de la Regla 36.4 de Procedimiento Civil, *supra*. Es decir, el primer error señalado se cometió en cuanto a esos extremos.

Ante tal escenario, como el foro de origen incumplió con las disposiciones de la Regla 36.4 de Procedimiento Civil, *supra*, acorde a las normas de Derecho antes expuestas, procede revocar la determinación apelada y devolver el caso al foro primario para que emita un nuevo dictamen en el que, al denegar tanto la solicitud de sentencia sumaria de la parte apelante, como parcialmente la moción de sentencia sumaria del apelado, haga una enumeración de los hechos incontrovertidos, así como de los que están en controversia, esbozando también las conclusiones de derecho correspondientes.

Habiendo discutido el primer error cometido por el Tribunal de Primera Instancia, el cual es suficiente para revocar el dictamen apelado, resulta inoficioso discutir los demás errores señalados por la parte apelante.

**IV**

Por las razones que anteceden, revocamos el dictamen apelado y devolvemos el caso al foro primario para que cumpla con las exigencias de la Regla 36.4 de Procedimiento Civil, *supra*.

---

[16] Apéndice del recurso, pág. 139.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones